**No. 50698.**—Protests 54469–K, etc., of Macmillan Co. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50699.**—Protests 56066–K, etc., of Johnson & Faulkner, Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 50700.**—Protests 59305–K, etc., of Stern & Stern Textile Importers, Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

BEFORE THE SECOND DIVISION, NOVEMBER 23, 1945

**No. 50701.**—Protests 11365–K, etc., of R. Maes Export & Import Corp. (New York).

Opinion by Kincheloe, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056. In accordance therewith the protests were sustained as claimed.

**No. 50702.**—Protests 39251–K, etc., of George E. Mallinson Importing Co., Inc. (New York).

Opinion by Kincheloe, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056. In accordance therewith the protests were sustained as claimed.

BEFORE THE THIRD DIVISION, NOVEMBER 23, 1945

**No. 50703.**—Protest 102122–K of Lansen-Naeve Corp. (New York).

Ekwall, Judge: It is claimed in this case that because of a clerical error the importer of certain pieces of musical works was charged an excessive amount of duty. The shipment consisted of 6,480 pieces invoiced at 2 Swiss francs each. However, the importer added to his invoiced value in order to make market value an amount which is stated as follows:

6480 pcs: MUSICAL WORKS 1/18   SW. FR. 2.50 ea—SW. FRS. 13608.00.

The appraiser checked the summary sheet under the column headed "Appraised" which indicates that "(a) the appraised value agrees with the entered value as represented by the information set forth on the invoice and in any importer's notations endorsed thereon or attached thereto." In view of this check mark the liquidation was based on a value of 2.50 francs per unit.

The plaintiff introduced testimony in an attempt to show that the entry at Sw. Fr. 2.50 each was because of a clerical error, and that it was the importer's intention to enter at a unit value of Sw. Fr. 2.10 each. The manager of the import traffic department of the plaintiff corporation testified that he supervises all customs entry figures on the customs entries and sees that they are put through and passed. In the instant case he had charge of making the entry, the entry paper being typed by one of the clerks under his supervision. Before making entry, he applied to the appraiser for information as to the correct dutiable value of the merchandise which was given him as Sw. Fr. 2.10 each. This testimony was substantiated by a memorandum received in evidence as exhibit 1, which consists of a letter to the appraiser on a printed form in which information is requested as to the latest information on market value. On this form in the column headed "Appraiser's Information," we find the amount "2.10 Sw. fcs." and the stamp "Examiner J. J. Quinn." There was also offered and received in